UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYM HOLDINGS LTD., | Case No. 24-cv-8251 |
| Plaintiff, | IN ADMIRALTY |
| -against- | |
| DELTA CORP SHIPPING PTE LTD., | |
| Defendant, | |

**VERIFIED COMPLAINT**

Plaintiff Lym Holdings Ltd. ("Lym" or "Plaintiff"), by and through its attorneys, Seward & Kissel LLP, brings this action pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B") against Defendant Delta Corp Shipping Pte. Ltd. ("Delta" or "Defendant"), requesting issuance of process of maritime attachment and garnishment, including against Garnishee Oversea-Chinese Banking Corporation Limited ("OCBC") or "Garnishee"), and alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for breach of a maritime contract. This Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and under Rule B.

2. Venue is proper in this District because, upon information and belief, property belonging to the Defendant is, or during the course of these proceedings will be, located in the Southern District of New York (the "District"), and garnishees in possession of Defendant's property are located and can be served within this District.

1

## THE PARTIES

3. Plaintiff is, and was at all relevant times, a foreign corporation duly organized and existing under the laws of the Republic of the Marshall Islands.

4. Plaintiff is, and was at all relevant times, the registered owner of a bulk carrier vessel named the M/V NANI K (IMO: 9694995) (the "Vessel").

5. Upon information and belief, Defendant is, and was at all relevant times, a foreign corporation duly organized and existing under the laws of the country of Singapore with a business address at 60 Paya Lebar Road #09-43, Paya Lebar Square, Singapore, 409051 Singapore.

6. Defendant was at all relevant times the charterer of the Vessel.

7. Upon information and belief, Defendant cannot be found in this District within the meaning of Rule B. *See* Declaration of Brian P. Maloney (the "Maloney Declaration") ¶¶ 4-8, attached hereto as **Exhibit 1** and incorporated herein by reference.

8. Upon information and belief, OCBC is a foreign business entity duly organized under the laws of the country of Singapore with an office and branch in this District located at 1700 Broadway, 18/F, New York, NY, 10019. Plaintiff reasonably believes OCBC holds accounts or property of the Defendant.

## FACTUAL BACKGROUND

9. Plaintiff time chartered the Vessel to Defendant for a duration of a minimum of three months and a maximum of five months pursuant to a fixture recap dated June 29, 2024 (the "Time Charter Agreement"). A copy of the Time Charter Agreement is attached hereto as **Exhibit 2** and incorporated herein by reference.

10. Pursuant to the Time Charter Agreement, charter hire was payable every fifteen days in advance but the first hire payment was due and payable within three banking days after the Vessel was delivered to Defendant. *Id.* at 4, 14. The first hire payment was also to include

payment of half of the value of the bunkers on delivery, with the other half due at the time of the second hire payment. *Id*.

11. The Vessel was delivered to Defendant on July 1, 2024, and, upon information and belief, the first voyage ordered by Defendant was to pick up a cargo of petroleum coke, also known as petcoke (the "Cargo"), in China for delivery in Saudi Arabia. Defendant had sub-chartered the Vessel to Ma'aden Aluminum Company ("Ma'aden" or the "Subcharterer") for this voyage.

12. Upon information and belief, the Cargo was loaded in two parcels on July 7, 2024, and July 10, 2024, following which the Vessel sailed for Saudi Arabia.

13. Pursuant to the Time Charter Agreement, the first hire payment and fifty percent of the value of the bunkers on delivery, totaling $541,296.83, was due on July 3, 2024. A copy of the First Hire Statement is attached hereto as **Exhibit 3** and incorporated herein by reference.

14. Defendant failed to make timely payment of the first hire payment, paying Plaintiff only $100,000 on July 12, 2024 from an account at OCBC.

15. In accordance with the Time Charter Agreement, the second hire payment and the remaining fifty percent of the value of the bunkers on delivery, totaling $541,296.82, was due on July 16, 2024, and Defendants again failed to make timely payment to Plaintiff. A copy of the Second Hire Statement is attached hereto as **Exhibit 4** and incorporated herein by reference.

16. On July 17, 2024, Plaintiff suspended performance pursuant to Clause 11(d) of the Time Charter Agreement due to Defendant's failure to make the required payments.

17. On August 1, 2024, Plaintiff sent Defendant a demand letter requesting payment as contemplated under the Time Charter Agreement, but never received payment from Defendant.

18. On September 11, 2024, Plaintiff terminated the Time Charter Agreement in accordance with its terms due to Defendant's continued nonpayment.

19. Following weeks of negotiations with Ma'aden, the sub-charterer, Plaintiff and Ma'aden agreed to an arrangement whereby payment by Ma'aden for the Cargo would be paid into escrow and disbursed directly to Plaintiff upon delivery of the Cargo in Saudi Arabia (the "Ma'aden Agreement").

20. Pursuant to this arrangement, Ma'aden made two payments to Plaintiff on September 12, 2024, and September 17, 2024, totalling $299,990 and $885,750 respectively.

21. Defendant redelivered the Vessel to Plaintiff on September 14, 2024, following discharge of the Cargo without making any further payments to Plaintiff.

22. On September 23, 2024, Plaintiff sent Defendant a revised statutory demand letter (the "Revised Demand Letter") requesting: (i) payment of the outstanding charter hire and other amounts due under the Time Charter Agreement totalling $352,530.10, (ii) lost profits totalling $42,000, (iii) payment of legal costs totalling SGD 25,723.43, GBP 2,026, and SAR 110,058; and (iv) the escrow costs for the Ma'aden Agreement totalling $6,000. A copy of the Revised Demand Letter is attached hereto as **Exhibit 5** and incorporated herein by reference.

23. The Time Charter Agreement provides for application of English law and the adjudication of disputes through arbitration in London.

24. Pursuant to the Time Charter Agreement, Plaintiff initiated arbitration in London on October 30, 2024, seeking to recover the aforementioned amounts owed under the Time Charter Agreement plus interest and additional legal fees and costs incurred in obtaining the same.

25. This action is expressly filed pursuant to the Federal Arbitration Act, 9 U.S.C. § 8, without prejudice to arbitrating the merits of this dispute in London.

## COUNT I: BREACH OF CONTRACT

26. Plaintiff repeats and realleges paragraphs 1-25 as if fully set forth herein.

27. Defendant's failure to make payment of amounts due and owing to Plaintiff under the Time Charter Agreement, as set out above, constitutes a breach of maritime contract.

28. As best as can now be presently estimated, Plaintiff expects to recover the following amounts from Defendant in the arbitration as a result of Defendant's breach of the Time Charter Agreement, which in addition to the principal sums due, includes the award of interest and attorneys' fees and costs, which are recoverable under English law.

|      |                                                 |              |
|------|-------------------------------------------------|--------------|
| (i)  | Outstanding charter hire:                       | $352,530.10  |
| (ii) | Lost profits:                                   | $42,000      |
| (iii)| Escrow costs for the Ma'aden Agreement:         | $6,000       |
| (iv) | Estimated recoverable attorneys' fees and costs:| $300,000     |
|      | **TOTAL:**                                      | **$700,530.10** |

29. Plaintiff respectfully reserves the right to continue to prosecute its claims in the agreed upon forum of London arbitration, where arbitration is ongoing – this action being one for security in connection with those claims.

## COUNT II: REQUEST FOR ORDER OF MARITIME ATTACHMENT

30. Plaintiff repeats and realleges paragraphs 1-29 as if fully set forth herein.

31. Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment in order to obtain security for the payment of the amounts due and owing by Defendant as a result of its breach of the Time Charter Agreement.

32. No security for Plaintiff's claims has been posted by Defendant, or anyone acting on its behalf, to date.

33. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for purposes of Rule B, *see* Maloney Decl. ¶¶ 4-8, but Defendant has, or will during the pendency of this action have, assets within this District comprising, *inter alia*, goods, chattels, credits, debits, effects and monies, funds, accounts, letters of credit, or other tangible or intangible property which belongs to it, is claimed by it, is being held for it or on its behalf, is due to it, or which is being transferred for its benefit, within this jurisdiction. *See id.* ¶¶ 9-12.

34. Plaintiff has reviewed records, including from independent investigation, establishing that Defendant has or had accounts held by OCBC, which is located within this District, and therefore Plaintiff reasonably believes that OCBC holds property of Defendant. *See* Maloney Decl. at ¶¶ 9-12.

35. While all disputes arising out of the Time Charter Agreement will be heard in London Arbitration pursuant to English Law, this action has been filed in accordance with Rule B to obtain *quasi in rem* jurisdiction over Defendant and to secure Plaintiff's claims of breach of maritime contract.

36. The total amount of Defendant's funds to be attached is $700,530.10.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

(i) That process in due form of law issued against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

(ii) That since Defendant cannot be found within the District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching Defendant's goods, chattels, credits, bills of lading, debts, effects and monies, funds, accounts, letters of credit, or other tangible or intangible property which belong to it, is claimed by it, is being held for it or on its behalf, or which is being transferred for its benefit, within this District in an amount sufficient to secure Plaintiff's claims, and that all persons claiming an interest in the property attached be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

(iii) That this Court enter an order appointing a special process server pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure and Rule B and authorizing service electronically and by personal service of the Process of Maritime Attachment and Garnishment on OCBC, or by any other means accepted by OCBC;

(iv) That the Court grant Plaintiff leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this action, to be holding, or believed to be holding, property of the Defendant, within this District.

(v) That the Court enter an order for any process that is served on a garnishee to be deemed effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service to be further deemed effective through the end of the next business day, provided that another service is made that day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

(vi) That, following attachment, this matter be stayed pending arbitration in London, and that this Court retain jurisdiction over this matter through the entry of a final judgment or award associated with the pending claims including appeals thereof; and

(vii) That the Court grant any other relief in favor of Plaintiff that it deems just and proper under the circumstances.

Dated: New York, NY
October 30, 2024

                                **SEWARD & KISSEL LLP**

                                */s/ Brian P. Maloney*
                                Brian P. Maloney
                                Bruce G. Paulsen
                                Carmella R. O'Hanlon
                                One Battery Park Plaza
                                New York, NY 10004
                                (212) 574-1200
                                maloney@sewkis.com
                                paulsen@sewkis.com
                                ohanlon@sewkis.com

                                *Attorneys for Plaintiff Lym Holdings Ltd.*

## ATTORNEY VERIFICATION

Pursuant to 28 U.S.C. § 1746, Brian P. Maloney declares and states:

1. I am a partner with the law firm of Seward & Kissel LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to the best of my knowledge, information, and belief.

2. I am authorized to make this Verification on behalf of Plaintiff.

3. The sources of my information and the grounds for my belief are communications, information, and documentation provided by Plaintiff and/or by representatives/counsel of the Plaintiff.

4. The reason this Verification is made by an attorney and not by Plaintiff is because Plaintiff is a foreign corporation with no officers or directors within this District.

I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
October 30, 2024

_____
Brian P. Maloney