UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYM HOLDINGS LTD., | Case No. 24-8251 |
| Plaintiff, | IN ADMIRALTY |
| -against- | |
| DELTA CORP SHIPPING PTE LTD. | |
| Defendant. | |

**ORDER DIRECTING CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT AND APPOINTING SPECIAL PROCESS SERVER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(c)**

**WHEREAS**, on October 30, 2024, Plaintiff Lym Holdings Ltd., ("Plaintiff") filed a Verified Complaint in the above-captioned action seeking damages of $700,530.10 against Delta Corp Shipping Pte Ltd. ("Defendant") inclusive of interest, costs, and reasonable attorneys' fees, and seeking issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B") and for an Order Appointing a Special Process Server pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure; and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal, or other designated process server, attach any and all of the Defendant's property within the District of this Court; and

**WHEREAS**, the Court has reviewed the Verified Complaint, Supporting Declaration of Brian P. Maloney dated October 30, 2024 (the "Maloney Declaration"), and Memorandum of Law in Support of Application for Order Authorizing Maritime Attachment and Garnishment and for a Special Process Server, and finds that the conditions of Rule B appear to exist. The Maloney Declaration has demonstrated to the Court's satisfaction that the Defendant

1

may not be found within the District, but that it has or may have property within this District within the meaning of Rule B.

**ACCORDINGLY,** upon Plaintiff's application, it is hereby:

**ORDERED**, that pursuant to Rule B, the Clerk of the Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and monies, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire or any other funds or property up to the amount of $700,530.10 belonging to, due or owing to, from or for the benefit of the Defendant, including but not limited to such property as may be held, received, or owed in Defendant's name(s) or as may be held, received or transferred for its benefit within the possession, custody, or control of non-party garnishee Oversea-Chinese Banking Corporation Limited ("OCBC"), and/or any other banking/financial institutions and/or other entities, or such other garnishees as may be named on whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is further,

**ORDERED**, that supplemental process enforcing the Court's Order may be issued by the Clerk of Court upon application without further Order of the Court; and it is further,

**ORDERED**, that any person at least 18 years of age and not a party to this action, employed or appointed by Seward & Kissel LLP be and hereby is appointed to serve this Order and Process of Maritime Attachment and Garnishment on OCBC and on such additional garnishees as permitted herein; and it is further,

**ORDERED**, that following initial service by the U.S. Marshal, or other designated process server, upon each garnishee, that supplemental service of the Process of Maritime

Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to any garnishee; and it is further,

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(F) each garnishee may consent, in writing, to accept service by any other means.

**ORDERED** that service on any garnishee as described above is deemed to be effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service is further deemed to be effective through the end of the next business day, provided that another service is made that day; and it is further;

**ORDERED**, that the garnishee served with this Order, upon determining that it is in possession of any property which may be subject to this Order, shall, as soon thereafter as is practicable, advise the Plaintiff of such details about the attachment as are reasonably available to it; and it is further,

**ORDERED**, that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**ORDERED**, that in the event Plaintiff restrains any assets pursuant to the Order, within (5) days of this having occurred Plaintiff shall inform the Court in writing what it has restrained.

Dated: New York, NY
October 31, 2024

SO ORDERED:

_____
U.S.D.J.

The Clerk of Court is directed to terminate ECF No. 5.